IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| RICARDO GARZA, | ) | No. CV-F-08-437 OWW/GSA |
| | ) | |
| | ) | MEMORANDUM DECISION GRANTING |
| | ) | DEFENDANT CITY OF TULARE'S |
| Plaintiff, | ) | MOTION TO DISMISS |
| | ) | PLAINTIFF'S FIRST AMENDED |
| vs. | ) | COMPLAINT WITH PREJUDICE |
| | ) | (Doc. 22) AND DIRECTING |
| | ) | DEFENDANT TO LODGE ORDER AND |
| CITY OF TULARE, et al., | ) | JUDGMENT |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| _____ | ) | |

Pursuant to Memorandum Decision and Order filed on November 4, 2008 (November 4 Decision), Plaintiff Ricardo Garza, proceeding *in pro per*, filed a First Amended Complaint (FAC). Defendants are the City of Tulare and Does 1-50.  The FAC, in its entirety, alleges:

> A.  DISCRIMINATION DUE TO RACE: STATUTORY VIOLATION OF TITLE VII of the Civil Rights Act of 1964.
>
> The person hired by the City of Tulare for the Treatment Plant Supervisor is white, while Plaintiff is Mexican-American.

1

Plaintiff has more years of experience in the wastewater field.  Person hired by the City of Tulare has more experience supervising recovering drug addicts.  This person does not have the full knowledge of how some treatment processes work at the wastewater [sic] and has little experience with the sewer collection side of the job.  Plaintiff had to show the person who was hired by the City of Tulare for the supervisor's position how to write and send an email back in 2005. With Plaintiff's service years with the City of Tulare, Plaintiff had actually done the work of the sewer collection staff.  The person hired by the City of Tulare has less education than Plaintiff.  The person hired by the City of Tulare has less certification and fewer certificates that Plaintiff. Currently Plaintiff can manage the treatment plant, but the person hired as supervisor by the City of Tulare does not have the proper certification.  Next year the Supervisor's position will require someone with a grade four certificate, which Plaintiff already has and the current supervisor will have to go to school to acquire the certificate.

B.   AGE DISCRIMINATION: STATUTORY VIOLATION OF 29 U.S.C. SECTIONS 621 ET SEQ. AND 19 U.S.C. SECTIONS 216.  The person hired by the City of Tulare for the position of Wastewater Treatment Plant Supervisor is younger than Plaintiff.  Plaintiff was 55 (fifty-five) years old when the City of Tulare hired the current supervisor.  The City of Tulare will get more service years out of the person that was hired.  Plaintiff is older, but has more knowledge of where sewer lines are and how a treatment process works.

C.   SEX DISCRIMINATION: STATUTORY VIOLATION OF 42 U.S.C. SECTIONS [sic] 5891.

The lady who did the hiring for the City of Tulare for the Wastewater Treatment Plant supervisor had worked with the Water Department before she was assigned to Human Resources.  This person did not have to go through an oral interview board and had no competition in acquiring her job.  Plaintiff, being a male, has had to compete for every

2

1               job he has had with the City of Tulare except
the Lab Tech position, because Plaintiff had
2               more experience doing laboratory work.

3               D.   RETALIATION: STATUTORY VIOLATION OF 42
U.S.C. 12203.
4

5               The current Supervisor told Plaintiff, in
about September of 2006 in the Supervisor's
6               office, that City Hall is out to get
Plaintiff, because Plaintiff has complained
7               before.  Plaintiff did filed a complaint with
this Court back in 2000.

8               It is very easy to ask an oral interview
board to look only for candidates with the
9               most supervisory experience of any kind,
knowing full well that Plaintiff has had
10              limited supervisory experience.

11     The City of Tulare has filed a motion to dismiss the FAC for

12 failure to comply with the November 4 Decision and  for failure

13 to state a claim upon which relief can be granted.

14 Alternatively, the City moves for a more definite statement.

15     The City's motion to dismiss was filed on December 1, 2008

16 and noticed for hearing on January 5, 2009.  By Minute Order

17 filed on December 2, 2008, the hearing was continued to March 2,

18 2009.  Plaintiff was served with both the motion to dismiss and

19 the Minute Order.  Pursuant to Rule 78-230(c), Local Rules of

20 Practice, Plaintiff's opposition to the motion to dismiss was

21 required to be filed by February 17, 2009.  Plaintiff did not

22 filed a written opposition to the motion to dismiss or a

23 statement of non-opposition.  Plaintiff has been warned by

24 written Orders filed on June 13, 2008 and on July 28, 2008 that

25 he is required to comply with the Federal Rules of Civil

26 Procedure and the Local Rules of Practice, including specific

1   advisement that his opposition to motions is due two weeks before

2   the noticed hearing date and that a party who fails to file an

3   opposition has no right to be heard at oral argument. (Docs. 11 &

4   14).  Plaintiff did not appear personally or telephonically at

5   the March 2, 2009 hearing on Defendant's motion to dismiss

6        A.   Dismissal for Failure to Comply with Court Order.

7        The November 4 Decision ruled:

8              Although the Complaint does not specify the
               statutory basis for his claims of age, race
9              and sex discrimination, Defendants assume
               that Plaintiff is proceeding under the ADEA
10             and Title VII because the action is filed in
               federal court.
11
               Both the ADEA and Title VII require that a
12             plaintiff exhaust administrative remedies
               prior to file a lawsuit by filing a charge of
13             discrimination with either the EEOC or the
               DFEH within either 180 or 300 days after the
14             alleged unlawful employment practice
               occurred.  42 U.S.C. § 2000e-5(e)(1);
15             *National Railroad Passenger Corporation v.
               Morgan*, 536 U.S. 807 (2002); 29 U.S.C. §
16             626(e).  If the agency issues a notice of
               right to sue, the plaintiff must file the
17             lawsuit within 90 days of receipt of the
               notice of right to sue.  *Id.*
18
               Here, the Complaint does not allege
19             compliance with these requirements in
               connection with the alleged failure to
20             promote Plaintiff in 2005.  The only
               reference in the Complaint to compliance with
21             these requirements is in Paragraph 10 that
               Plaintiff "first filed with the federal
22             Agency, the EQUAL EMPLOYMENT OPPORTUNITY
               COMMISSION (EEOC)" sometime after Mr. Bono
23             was promoted in 1987.

24             Attached to Plaintiff's opposition to the
               motion to dismiss is a copy of a Notice of
25             Right to Sue dated December 28, 2007.  It
               appears that the Complaint was filed within
26             the requisite 90 day period.

                              4

> Defendant's motion to dismiss on this ground
> is GRANTED WITH LEAVE TO AMEND.  Plaintiff
> shall allege in the Second Amended Complaint
> his compliance with the exhaustion
> requirements for his federal and state claims
> for age, race and sex discrimination in
> connection with the City's failure to promote
> him to Wastewater Treatment Plant Supervisor
> in 2005, including the dates on which he
> filed charge(s) of discrimination with the
> appropriate agency and the dates on which he
> received notices of right to sue.

The FAC does not in any way comply with the November 4
Decision.  The November 4 Decision specifically advised
Plaintiff:

> As the Court advised Plaintiff at the
> hearing, Plaintiff cannot continue to ignore
> rulings by this Court or rulings by the
> Courts in his prior cases without the risk of
> a monetary sanction and/or terminating
> sanctions as well as a pre-filing order.
> Plaintiff is required to familiarize himself
> and comply with Rule 11, Federal Rules of
> Civil Procedure.  In addition, Plaintiff,
> even though proceeding *in pro per*, may be
> sanctioned pursuant to 28 U.S.C. § 1927 or
> this Court's inherent power, if he
> unreasonably and vexatiously multiples these
> proceedings, *Wages v. I.R.S.,* 915 F.2d 1230,
> 1235-1236 (9th Cir.1990).

Plaintiff's failure to comply with the November 4 Memorandum
Decision, coupled with his failure to file an opposition to the
City's motion to dismiss or appear at the March 2, 2009 hearing,
compels the conclusion that Plaintiff cannot allege compliance
with the exhaustion requirements for his federal and state claims
for age, race and sex discrimination in connection with the
City's failure to promote him to Wastewater Treatment Plant
Supervisor in 2005.  As the City argues,  Plaintiff's failure to

comply with the Local Rule and the November 4 Decision impedes
expeditious resolution of this litigation:

> [F]or the second time in this matter, Plaintiff chose not to file an opposition or non-opposition.  While *pro se* plaintiffs might be entitled to more latitude in prosecuting their cases than those represented by attorneys, that latitude should not come at the expense and to the detriment of the opposing party ... The City is now significantly prejudiced by the inability to reply to Plaintiff's opposing arguments and will be unable to prepare a response to whatever arguments Plaintiff presents at the hearing.  Similarly, the Court will be forced to wait until the hearing to first learn of Plaintiff's reasons what the Amended Complaint should not be dismissed.  Such conduct is especially outrageous given that Plaintiff has twice previously been unsuccessful in maintaining this same action against the City and given that this is the second time Plaintiff has chosen to not oppose a Motion to Dismiss.

> Plaintiff's failure to comply with the Local Rules impedes the expeditious resolution of the litigation.  The Court should deem Plaintiff's failure to oppose the City's Motion to Dismiss as a non-opposition and grant the Motion without oral argument.

Plaintiff has ignored the Court's prior orders.  Plaintiff has been twice advised of the requirements of the Local Rule; he cannot claim that he did not understand the requirements of the Local Rule.  However, the City's contention that Plaintiff has twice been unsuccessful in making the same claim against the City is somewhat misleading.  Plaintiff's prior actions against the City involved the City's failure to promote him to supervisor of the Wastewater Treatment Plant in 1999 and in 2001.  *See Ricardo Garza v. City of Tulare*, United States District Court for the

6

Eastern District of California, No. CV-F-00-6172 REC/LJO; *Ricardo Garza v. City of Tulare*, Tulare County Superior Court, Case No. 03-207476.  Although the FAC does not allege when Plaintiff's most recent application for promotion to supervisor of the Wastewater Treatment Plant was denied, it is clear from the allegations of the Complaint that plaintiff's application for promotion was denied in 2005.

The City again requests that Plaintiff be declared a vexatious litigant and that the Court sanction Plaintiff for his bad faith tactics.  The November 4 Decision ruled:

> Defendant requests that Plaintiff be declared a vexatious litigant with regard to his repeated claims that the City discriminated against him in failing to promote him to Wastewater Treatment Plant Supervisor and preclude him from filing future lawsuits against the City involving such claims without prior leave of Court.  In *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir.2007), the Ninth Circuit held:

>> The All Writs Act, 28 U.S.C. § 1651(a), provides district courts with the inherent power to enter pre-filing orders against vexatious litigants ... However, such pre-filing orders are an extreme remedy that should rarely be used ... Courts should not enter pre-filing orders with undue haste because such sanctions can tread on a litigant's due process right of access to the courts ... A court should enter a pre-filing order constraining a litigant's scope of actions in future cases only after a cautious review of the pertinent circumstances.

>> Nevertheless, '[f]lagrant abuse of the judicial process cannot be

7

1
2
3
4
5
6
7
8
9
10
11
12

> tolerated because it enables one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants.' *De Long*, 912 F.2d at 1148 ... Thus, in *De Long*, we outlined four factors for district courts to examine before entering pre-filing orders. First, the litigant must be given notice and a chance to be heard before the order is entered ... Second, the district court must compile 'an adequate record for review.' ... Third, the district court must make substantive findings about the frivolous or harassing nature of the plaintiff's litigation ... Finally, the vexatious litigant order 'must be narrowly tailored to closely fit the specific vice encountered.'
> ....

13
14
15
16
17
18
19
20

Defendant's request is DENIED WITHOUT PREJUDICE.  As the Court advised Plaintiff at the hearing, Plaintiff cannot continue to ignore rulings by this Court or rulings by the Courts in his prior cases without the risk of a monetary and/or terminating sanction as well as a pre-filing order. Plaintiff is required to familiarize himself and  comply with Rule 11, Federal Rules of Civil Procedure.  In addition, Plaintiff, even though proceeding *in pro per*, may be sanctioned pursuant to 28 U.S.C. § 1927 or this Court's inherent power, if he unreasonably and vexatiously multiplies these proceedings, *Wages v. I.R.S.,* 915 F.2d 1230, 1235-1236 (9th Cir.1990).

21
22
23
24
25
26

Here, Plaintiff has again ignored the Court's November 4 ruling as to the allegations required to be made in the FAC and has failed to file an opposition to the Motion to Dismiss despite specific advisement by the Court of the requirements of the Local Rules of Practice.  These failures reflect that Plaintiff is

simply unwilling to comply with Court Orders and to follow the Federal Rules of Civil Procedure and the Local Rules of Practice. Although Plaintiff will be sanctioned for these failures, it is not established that Plaintiff is a vexatious litigant necessitating a prefiling order.  Plaintiff's lawsuits against the City pertain to the City's failures to promote Plaintiff to supervisor of the Wastewater Treatment Plant.  A subsequent failure to promote Plaintiff to this position may be actionable. The City's request that Plaintiff be declared a vexatious litigant and for imposition of a prefiling order is DENIED.

Rule 41(b) provides that, "[f]or failure of the plaintiff ... to comply with [the Federal Rules of Civil Procedure] or a court order, a defendant may move to dismiss the action or any claim against it."  In addition, District Courts have inherent power to control their dockets.  In the exercise of that power, they may impose sanctions including, where appropriate, dismissal.  *Thompson v. Housing Auth. of Los Angeles*, 782 F.2d 829, 831 (9th Cir.), *cert. denied*, 479 U.S. 829 (1986). Before imposing dismissal as a sanction the Court must weigh the public's interest in expeditious resolution of litigation; the court's need to manage its docket; the risk of prejudice to the defendants; the public policy favoring disposition of cases on their merits; and the availability of less drastic sanctions. Dismissal as a sanction should be imposed only in extreme circumstances.  *Id.*  Resolution of a Rule 41(b) motion to dismiss usually depends on the third and fifth factors, as the first two

usually favor dismissal for violation of a court order, while the fourth factor usually weighs against dismissal, *Computer Task Group, Inc. v. Brotby*, 364 F.3d 1112, 1115 (9th Cir.2004).  The Ninth Circuit holds that it "may affirm a dismissal where at least four factors support dismissal ... or where at least three factors 'strongly' support dismissal." *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998).

The public's interest in expeditiously resolving this litigation weighs in favor of dismissal.  This action was commenced on March 9, 2008, almost a year ago.  Because of Plaintiff's repeated failures to comply with the Court's orders, there is no operative complaint in this action, a scheduling conference cannot be conducted, and no discovery or other pre-trial proceedings have occurred.

The Court's need to manage its docket also weighs in favor of dismissal.  The Court's docket is very crowded, its caseload heavy and the docket cannot be managed efficiently if Plaintiffs, as here, willfully and repeatedly refuse to comply with Court orders.  *See Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir.2002), *cert. denied*, 538 U.S. 909 (2003) ("Pagtalunan's petition has consumed some of the court's time that could have been devoted to other cases on the docket"); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir.), *cert. denied*, 506 U.S. 915 (1992)("It is incumbent upon us to preserve the district courts' power to manage their dockets without being subject to the endless vexatious noncompliance of litigants like Ferdik").

1    The risk of prejudice to Defendant weighs in favor of

2    dismissal.  In determining whether Defendant has been prejudiced,

3    the Court considers whether Plaintiff's actions have impaired the

4    Defendant's ability to go to trial or threaten to interfere with

5    the rightful decision of the case.  The action was filed almost a

6    year ago and pertains to actions or inactions that occurred in

7    2005.  Defendant has not yet been presented with an operative

8    complaint and the case is nowhere near being at issue or ready

9    for an initial scheduling conference.

10    The public policy favoring disposition of cases on their

11    merits usually weighs against dismissal.  *Hyde & Drath v. Baker*,

12    24 F.3d 1162, 1167 (9th Cir.1994).  The "policy favoring

13    resolution on the merits 'is particularly important in civil

14    rights cases.'" *Hernandez v. City of El Monte*, 138 F.3d 393, 399

15    (9th Cir.1998).

16    With regard to the availability of lesser sanctions, "'[t]he

17    district court abuses its discretion if it imposes a sanction of

18    dismissal without first considering the impact of the sanction

19    and the adequacy of less drastic sanctions.'" *Malone v. U.S.*

20    *Postal Service,*, 833 F.2d 128, 131 (9th Cir.1987), *cert. denied*,

21    488 U.S. 819 (1988).  "Warning that failure to obey a court order

22    will result in dismissal can itself meet the 'consideration of

23    alternatives' requirement." *In re Phenylpropanolamine (PPA)*

24    *Products Liability Litigation,* 460 F.3d 1217, 1229 (9th

25    Cir.2006); *Malone v. U.S. Postal Service, id*. at 132.  The June

26    13, 2008, July 28, 2008, and November 4, 2008 Decisions all

warned Plaintiff that his failure to comply with the Local Rules of Practice and Court Orders would result in the dismissal of the action.

No condition or combination of conditions will compel Plaintiff's compliance with the rules and the Court's Orders. Plaintiff's failure to respond to the motion to dismiss or appear at the hearing implies that Plaintiff is not able to comply with the amendments required by the November 4 Decision.  Four of the five factors weigh in favor of dismissal of this case pursuant to Rule 41(b) and the Court's inherent power.  Plaintiff's action is DISMISSED WITH PREJUDICE pursuant to Rule 41(b) and the Court's inherent factor.

B.  <u>**Failure to State a Claim**</u>.

Alternatively, the City moves to dismiss pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure, for failure to state a claim upon which relief can be granted.

1.  <u>Governing Standards</u>.

A motion to dismiss under Rule 12(b)(6) tests the sufficiency of the complaint.  *Novarro v. Black*, 250 F.3d 729, 732 (9th Cir.2001).  "A district court should grant a motion to dismiss if plaintiffs have not pled 'enough facts to state a claim to relief that is plausible on its face.'" *Williams ex rel. Tabiu v. Gerber Products Co.,* 523 F.3d 934, 938 (9th Cir.2008), quoting *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544, 127 S.Ct. 1955, 1974 (2007).  "'Factual allegations must be enough to raise a right to relief above the speculative level.'" *Id.*  "While a

complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic*, *id.* at 1964-1965.  Dismissal of a claim under Rule 12(b)(6) is appropriate only where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).  Dismissal is warranted under Rule 12(b)(6) where the complaint lacks a cognizable legal theory or where the complaint presents a cognizable legal theory yet fails to plead essential facts under that theory.  *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir.1984).  In reviewing a motion to dismiss under Rule 12(b)(6), the court must assume the truth of all factual allegations and must construe all inferences from them in the light most favorable to the nonmoving party. *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir.2002).  The court must construe a *pro se* plaintiff's pleadings liberally in determining whether a claim has been stated.  *Ortez v. Washington County, State of Or.*, 88 F.3d 804, 807 (9th Cir. 1996); *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987). However, legal conclusions need not be taken as true merely because they are cast in the form of factual allegations.  *Ileto v. Glock, Inc.*, 349 F.3d 1191, 1200 (9th Cir.2003).  Immunities and other affirmative defenses may be upheld on a motion to

13

1  dismiss only when they are established on the face of the

2  complaint.  *See Morley v. Walker*, 175 F.3d 756, 759 (9th

3  Cir.1999); *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th

4  Cir. 1980)  When ruling on a motion to dismiss, the court may

5  consider the facts alleged in the complaint, documents attached

6  to the complaint, documents relied upon but not attached to the

7  complaint when authenticity is not contested, and matters of

8  which the court takes judicial notice.  *Parrino v. FHP, Inc*, 146

9  F.3d 699, 705-706 (9th Cir.1988).

10        2.  <u>Age Discrimination</u>.

11       The City moves to dismiss Plaintiff's claim for age

12  discrimination under 29 U.S.C. §§ 621 *et seq.*[1]

13       Under the ADEA, "[a]ll personnel actions affecting employees

14  or applicants for employment who are at least 40 years of age ...

15  shall be made free from any discrimination based on age."  29

16  U.S.C. § 633a(a).  "In order to establish a prima facie case of

17  age discrimination, a plaintiff must show that '(1) he is a

18  member of a protected class; (2) he was qualified for his

19  position; (3) he experienced an adverse employment action; and

20  (4) similarly situated individuals outside his protected class

21  were treated more favorably, or other circumstances surrounding

22  the adverse employment action give rise to an inference of

23

24       [1]Plaintiff's claim for age discrimination is also based on 29
   U.S.C. § 216.  29 U.S.C. § 216 pertains to criminal fines and
25  penalties against employers for violations of specified provisions
   of the Fair Labor Standards Act.  The FAC does not allege any
26  violations of the Fair Labor Standards Act.

1  discrimination.'" *Whitman v. Mineta*, 541 F.3d 929, 932 (9th

2  Cir.2008).

3      The City argues that the FAC does not allege the element

4  that "similarly situated individuals outside his protected class

5  were treated more favorably" because the FAC does not allege the

6  age of the supervisor who was hired instead of Plaintiff in 2005

7  or allege that that supervisor is outside the class protected by

8  the ADEA.

9      In *O'Connor v. Consolidated Coin Caterers Corp.*, 517 U.S.

10  308, 311-313 (1996), O'Connor was fired by his employer and

11  replaced by a 40-year-old worker.  The lower courts held that

12  O'Connor had failed to make out a prima facie case of age

13  discrimination under *McDonnell Douglas Corp. v. Green*, because he

14  had failed to show that he was replaced by someone outside the

15  age group protected by the ADEA.  The Supreme Court held:

16              As the very name 'prima facie case' suggests,
               there must be at least a logical connection
17              between each element of the prima facie case
               and the illegal discrimination for which it
18              establishes a 'legally mandatory, rebuttable
               presumption,' ... The element of replacement
19              by someone under 40 fails this requirement.
               The discrimination prohibited by the ADEA is
20              discrimination 'because of [an] individual's
               age,' 29 U.S.C. § 623(a)(1), though the
21              prohibition is 'limited to individuals who
               are at least 40 years of age,' § 631(a).
22              This language does not ban discrimination
               against employees because they are aged 40 or
23              older; it bans discrimination against
               employees because of their age, but limits
24              the protected class to those who are 40 or
               older.  The fact that one person in the
25              protected class has lost out to another
               person in the protected class is thus
26              irrelevant, so long as he has lost out

                                    15

*because of his age*.  Or to put the point more concretely, there can be no greater inference of *age* discrimination (as opposed to '40 or over' discrimination) when a 40-year-old is replaced by a 39-year-old than when a 56-year-old is replaced by a 40-year-old. Because it lacks probative value, the fact that an ADEA plaintiff was replaced by someone outside the protected class is not a proper element of the *McDonnell Douglas* prima facie case.

Perhaps some courts have been induced to adopt the principle urged by respondent in order to avoid creating a prima facie case on the basis of very thin evidence - for example, the replacement of a 68-year-old by a 65-year-old.  While the respondent's principle theoretically permits such thin evidence (consider the example above of a 40-year-old replaced by a 39-year-old), as a practical matter it will rarely do so, since the vast majority of age-discrimination claims come from older employees.  In our view, however, the proper solution to the problem lies not in making an utterly irrelevant factor an element of the prima facies case, but rather in recognizing that the prima facie case requires '*evidence adequate to create an inference that an employment decision was based on a[n] [illegal] discriminatory criterion ....*' ... In the age discrimination context, such an inference cannot be drawn from the replacement of one worker with another worker insignificantly younger.  Because the ADEA prohibits discrimination on the basis of age and not class membership, the fact that a replacement is substantially younger than the plaintiff is a far more reliable indicator of age discrimination than is the fact that the plaintiff was replaced by someone outside the protected class.

The Court infers from *O'Connor* that Plaintiff's failure to allege the age of the supervisor hired in 2005 is not necessarily fatal to his claim of age discrimination as long as he alleges that he was not promoted because of his age.  Because Plaintiff's

16

1  action is dismissed for failure to comply with Court Orders,

2  resolution of this ground for dismissal is unnecessary.

3         3.   <u>Sex Discrimination in Violation of 42 U.S.C. §</u>

4  <u>5891</u>.

5       The City moves to dismiss Plaintiff's claim of sex

6  discrimination in violation of 42 U.S.C. § 5891.

7       Section 5891 provides:

8             No person shall on the ground of sex be
              excluded from participation in, be denied
9             license under, be denied the benefits of, or
              be subjected to discrimination under any
10            program or activity carried on or receiving
              Federal assistance under any subchapter of
11            this chapter.  This provision will be
              enforced through agency provisions and rules
12            similar to those already established, with
              respect to racial and other discrimination,
13            under Title VI of the Civil Rights Act of
              1964 [42 U.S.C. § 2000d *et seq.*].  However,
14            this remedy is not exclusive and will not
              prejudice or cut off any other legal remedies
15            available to a discrminatee.

16  Section 5891 is included in Chapter 73 of Title 42, entitled

17  "Development of Energy Resources."   Subchapter I is entitled

18  "Energy Research and Development Administration;" Subchapter II

19  is entitled "Nuclear Regulatory Commission; Nuclear Whistleblower

20  Protection;" and Subchapter III is entitled "Miscellaneous and

21  Transitional Provisions."

22       As explained in *Adams v. Dole*, 927 F.2d 771 (4th Cir.),

23  *cert. denied*, 507 U.S. 837 (1991):

24            In 1974 Congress enacted the Energy
              Reorganization Act of 1974 (ERA), ...
25            (codified at 42 U.S.C. §§ 5801-5891) (1982),
              to address comprehensively all energy issues.
26            To improve government efficiency, it

17

established two agencies, the Energy Research
and Development Administration (later to
become the DOE and referred to herein also as
'the DOE') and the Nuclear Regulatory
Commission (NRC), to succeed to the functions
of the AEC and to take on new ones.  The DOE
was organized to bring together and direct
federal activities relating to research and
development on the various sources of energy,
to increase the efficiency and reliability in
the use of energy, and to carry out the
performance of other functions, including but
not limited to the Atomic Energy Commission's
military and production activities and its
general basis research activities.  42 U.S.C.
§ 5801(b).  The NRC was organized to succeed
to the function of licensing industrial and
commercial uses of atomic energy.  The
functions originally encompassed by the AEC
thus were split, with roles relating to
government owed facilities transferred to the
DOE and roles relating to the licensing of
commercial activities transferred to the NRC.

The FAC does not state a claim for sex discrimination in
violation of Section 5891 against the City.  There are no
allegations whatsoever from which such a claim may be inferred,
especially any allegation that the City has been licensed by the
NRC for industrial or commercial uses of atomic energy.
Plaintiff's claim against the City involves the failure of the
City to promote him to a supervisorial position with the City's
Wastewater Treatment Plant.  Plaintiff's claim of sex
discrimination in violation of Section 5891 is DISMISSED WITH
PREJUDICE.

      4.  <u>Retaliation in Violation of 42 U.S.C. § 12203</u>.

The City moves to dismiss Plaintiff's claim of retaliation
in violation of 42 U.S.C. § 12203.

Section 12203 provides:

18

1    (a) No person shall discriminate against any
     individual because such individual has
2    opposed any act or practice made unlawful by
     this chapter or because such individual made
3    a charge, testified, assisted or participated
     in any manner in an investigation,
4    proceeding, or hearing under this chapter.

5    (b) It shall be unlawful to coerce,
     intimidate, threaten, or interfere with any
6    individual in the exercise or enjoyment of,
     or on account of his or her having exercised
7    or enjoyed, or on account of his or her
     having aided or encouraged any other
8    individual in the exercise or enjoyment of,
     any right granted or protected by this
9    chapter.

10   (c) The remedies and procedures available
     under sections 12117, 12133, and 12188 of
11   this title shall be available to aggrieved
     persons for violations of subsections (a) and
12   (b) of this section, with respect to
     subchapter I, subchapter II and subchapter
13   III of this chapter, respectively.

14   Section 12203 pertains to claims under the Americans with

15   Disabilities Act (ADA).  *See Barnett v. U.S. Air. Inc.*, 228 F.3d

16   1105, 1121 (9th Cir.2000), *vacated on other grounds*, 535 U.S. 391

17   (2002).  "To establish a prima facie case of retaliation under

18   the ADA, a plaintiff must show (1) that he or she engaged in or

19   was engaging in activity protected under the ADA, (2) the

20   employer subjected him or her to an adverse employment decision,

21   and (3) that there was a causal link between the protected

22   activity and the employer's action."  *Id.*

23       The FAC does not allege that Plaintiff was engaged in

24   activity protected under the ADA.  The FAC does allege that

25   Plaintiff "filed a complaint with this Court back in 2000."

26       Judicial notice is taken of Plaintiff's Complaint filed in

19

1 *Ricardo Garza v. City of Tulare*, United States District Court for

2 the Eastern District of California, No. CV-F-00-6172 REC/LJO.   In

3 that action, Plaintiff alleged that he was denied promotion to

4 become the Wastewater Treatment Plant Supervisor in 1999 and

5 alleged claims for age discrimination under the Age

6 Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 *et seq.*,

7 breach of the covenant of good faith and fair dealing, and

8 intentional infliction of emotional distress.

9    The FAC does not allege any of the elements required to

10 state a claim for retaliation under the ADA.   There are no

11 allegations that Plaintiff complained of any violations of the

12 ADA and that his promotion in 2005 was denied by the City

13 because he had complained of violations of the ADA.

14    Plaintiff's claim for retaliation in violation of the ADA is

15 DISMISSED WITH PREJUDICE.

16 <u>CONCLUSION</u>

17    For the reasons stated:

18    1.   Defendant's motion to dismiss is GRANTED and Plaintiff's

19 action is DISMISSED WITH PREJUDICE for failure to comply with the

20 Local Rules of Practice and Court Orders and for failure to state

21 a claim upon which relief can be granted;

22    2.   Counsel for Defendant shall prepare and lodge a form of

23 order consistent with this Memorandum Decision and directing

24 entry of judgment against Plaintiff and in favor of Defendant by

25 the Clerk of the Court within five (5) court days of service of

26 this Memorandum Decision.

1   IT IS SO ORDERED.

2   **Dated:   March 5, 2009**                    /s/ Oliver W. Wanger
                                          UNITED STATES DISTRICT JUDGE

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26